CHARLES S. KIDDER, Defendant in Error, v. RICHARD SMITH and MRS. RICHARD SMITH, Plaintiffs in Error.

**Kansas City Court of Appeals, November 22, 1915.**

1. **SPECIAL TAX BILLS: Indefiniteness of Area of Land Described in Tax Bill.** The plaintiff sued to enforce the lien of a special tax bill. The defendant attacked the validity of such tax bill on the ground of indefiniteness in the description of the land against which the bill was issued. *Held*, that the description of the land in the tax bill is not subject to the criticism of being indefinite and uncertain.

2. ————: ————: **City Charter.** The question of the location of the boundary line found by the Board of Public Works as shown by the area apportioned to a tract in a tax bill is immaterial to the issue, when a suit is brought on such tax bills. Under the provisions of section 18, article IX of the Charter of Kansas City, defendants might have pleaded and proved such error in description, if it existed, in reduction of the amount of the tax bills, but not to defeat that part of the assessment based upon the true area of that tract.

Error to Jackson Circuit Court.—*Hon. Thos. J. Seehorn*, Judge.

AFFIRMED.

*W. F. Allen, R. J. Smith* and *E. E. Nabor* for plaintiffs in error.

*Scarritt, Scarritt, Jones & Miller* for defendant in error.

JOHNSON, J.—This is an action on a special tax bill issued by Kansas City against the land of defendants for the building of a sewer. The validity of the tax bill is attacked on the ground of indefiniteness in the description of the land which appears in the tax bill as follows: "The following described real estate situated in the corporate limits of Kansas City, County of Jackson, Missouri, as follows, to-wit:

Part of the southwest quarter of the northeast quarter of sections 20-49-33, beginning at a point on the south line of 38th street 165 feet east of the west line of said quarter quarter; thence south to the northerly line of Old Independence and Westport road; thence northeastwardly along the northerly line said Old road to the west line produced south of Janssen Place; thence north to the north line of said quarter quarter; thence west to east line of Locust street; thence south to south line of 38th street, thence west to point of beginning, as provided by Ordinance.

It is claimed by defendant that the south boundary line of the tract in this description, i. e., the north line of the Old Independence and Westport road is indefinite and uncertain for the reason that this road is not a monument within the legal meaning of that term and has no fixed and definite boundary lines.

The Charter of Kansas City, under which the sewer was built (Sec. 10, art. IX, charter and Rev. Ord. 1898) provided for the apportionment and assessment of the cost of such sewers "as a special tax against the lots of land in the district. . . . in the proportion that their respective areas bear to the area of the whole district," and imposed the duty on the Board of Public Works of computing the whole cost of the sewer and of apportioning the same among the different lots and tracts comprising the sewer district.

In the deed to defendant, Richard Smith, which was executed in 1872, the south boundary line is described as being from "a stone in Old Westport & In-

dependence road thence north 73° and 50' east 500 links *along the center of said road."* (Italics ours.)

In the days when Kansas City was small the road in controversy was the principal highway between Independence, the county seat, and Westport. It ran diagonally along a crooked course from northeast to southwest and its boundary lines were fixed and well defined. In its growth southward Kansas City, in time, crossed the old road and developed and absorbed Westport. A natural result of this urban inundation was the obliteration of much of the road but that part in dispute is still extant and has been employed as a monument or boundary line in the conveyance of unplatted property. Defendants' principal effort at the trial was directed towards establishing the fact by proof that the exact location of the road had become lost and could not now be definitely ascertained. The entire evidence relating to this subject shows the exact location of the old road south of defendants' tract long has been a matter of contention which repeated surveys—no two of which have been in accord—have served to confuse rather than to solve. There is some evidence, however, that the old road has been preserved at this place and that its ancient lines may still be ascertained with certainty.

In ruling on questions of evidence the learned trial judge who was sitting as a trier of facts (a jury having been waived) expressed the view that under the issues defined by the pleadings, the exact location of the south boundary line was not important. He said, in part, "I think all the plaintiff has to show in this case is that the road is somewhere in that vicinity . . . it is just a question of feet . . . and we are not required to define definitely the boundary lines. They (plaintiffs) cannot sell south of the old road." Counsel for defendants inquired: "How are you going to arrive at the amount of the area?" The court replied: "That is a matter to be determined subse-

quently, suppose a man buys to the road?'' Further the court observed: ''The evidence shows that a road known as the 'Independence and Westport road' did run along the south line of this property . . . or in the neighborhood of the south line of this property this map you have introduced shows that. That is some substantial evidence that the road did exist there at one time.'' Counsel for defendants said: ''This description (in the tax. bill) calls for $207.06 of a land tax. How are we going to determine whether that is, too much or too little?'' The court answered: ''That would not void the tax bill.''

We have quoted thus copiously from the remarks of the court outlining his view of the law of the case for the reason that defendants who appealed from a judgment rendered against them and who did not offer any declarations of law, insist that these remarks should be treated as a finding which discloses the theory on which the case was tried, and performed the office of declarations of law.

Without expressing an opinion on the question of practice involved in this contention we are willing, *arguendo,* to take defendants in the position they assume and to begin with the premise that the judgment in hand was predicated on a conclusion of law that the exact location of the south boundary line of the tract described in the tax bill is not a material issue raised by the pleadings. The court did not say and it cannot be inferred that the judgment is based on the conclusion that defendants in this action could not attack the sufficiency of the description of the land in the tax bill. The substance and scope of the ruling was that the south boundary line was described as being defined by an existing monument, i. e., the old Independence and Westport road, and that on proof that such monument, in fact, existed, its exact location was immaterial in an action on the tax bill where the defense struck only at the validity of the tax bill and did not raise the issue

that the Board of Public Works had erred in the apportionment by ascribing an excessive area to defendant's land.

Defendants would be estopped from claiming that the old road was not a monument at the time they acquired title to the land, since they hold under a deed which referred to it as a monument by which the south line of the tract was defined, but it would not follow that it had continued as a monument to the date of the issuance of the tax bill and if it had lost that character at that time the tax bill would be void for uncertainty. An object once so fixed and well defined as to serve as a monument for boundary lines in conveyances of contiguous land may lose its distinctive and monumental character by removal, displacement, decay or change. A tree may be torn up by the roots in a storm, an imbedded stone dug up and removed, a stump be obliterated by decay, and the course of a stream be changed by avulsion and when that which apparently was fixed and stable becomes displaced and unstable, it may no longer be employed in conveyances to define boundary lines. [Perry v. Pratt, 21 Conn. 433.]

But this rule cannot avail defendants in the present case. With substantial evidence in the record that the portion of the old road lying south of defendants' land has been preserved, the judgment for plaintiff, especially in the light of the quoted utterances of the court, should be regarded as a finding of facts from which the conclusion of law needs must flow that such portion had not lost its character as a boundary mark and, therefore, that the description in the tax bill is not subject to the criticism of being indefinite and uncertain. This being so the court was right in holding that the question of whether the location of the line found by the Board of Public Works as shown by the area apportioned to this tract in the tax bill was, or

192MA14

was not, the true location, is immaterial to the issues in this case. Under the provisions of section 18, article IX of the charter, defendants might have pleaded and proved such error, if it exists, in reduction of the amount of the tax bill, but not to defeat that part of the assessment based upon the true area of the tract.

The tax bill is prima-facie evidence of its validity and "of the liability of the land to the charges stated in the bill." In the absence of proof to the contrary we must assume that the Board of Public Works, upon which the charter imposed the duty of finding the exact area performed that duty and, in so doing, ascertained the true location of the line marked by the old road before it proceeded to compute the area. Given the fact that the old road still is a monument which, as we have shown, the court found from substantial evidence, the proof of defendants that the location of its boundaries was a subject of incessant dispute is no proof that the board did not do its full duty. There is no evidence tending to destroy the prima-facie case made by the tax bill and the court did not err in rendering judgment for plaintiff. Affirmed. All concur.